**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BARBARA PIPER, as Executrix of the Estate of MICHAEL PIPER, Deceased,<br><br>*Plaintiff,*<br><br>v.<br><br>BAYER CROPSCIENCE LP, *et al.*,<br><br>*Defendants.* | Case No. 3:21-CV-0021-NJR |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE AND APPOINT AN EXECUTIVE COMMITTEE AS INTERIM LEAD COUNSEL**

Plaintiffs Barbara Piper, as Executrix of the Estate of Michael Piper, Charles Lex, and John Swanson submit this reply in support of their Motion to Consolidate and Appoint an Executive Committee as Interim Lead Counsel ("Plaintiffs' Motion"). There is no reason Plaintiffs' Motion for Transfer of Actions Pursuant to 28 U.S.C. §1407 ("MDL Motion") or the Bayer Defendants' Motion to Transfer pursuant to 28 U.S.C. § 1404(a) ("Bayer's Transfer Motion") should delay these proceedings. JPML Rule of Procedure 2.5(d) plainly declares that a transfer motion does not "affect or suspend orders and pretrial proceedings in any pending federal district court action." Pretrial activities like consolidation, scheduling, coordinating discovery and appointing leadership are all steps that will occur regardless of forum. Such work could and likely would be adopted by any federal court. Halting consideration of Plaintiffs' Motion only delays the inevitable, which only prejudices Plaintiffs.

Moreover, it is not premature to appoint interim lead counsel. There are now several overlapping class actions, competing leadership motions and substantive disputes requiring a coordinated response. Selecting leadership will ensure class members are efficiently and

1

effectively represented by attorneys with class action experience and antitrust expertise. Plaintiffs' proposed executive committee satisfies those requirements. Coordination of those efforts, however, cannot wait for resolution of the MDL Motion or Bayer's Transfer Motion, which could take months. For these and previously stated reasons, Plaintiffs' Motion should be granted.

**ARGUMENT AND AUTHORITY**

**I. EXCEPTIONAL CIRCUMSTANCES JUSTIFY THIS REPLY.**

Local Rule 7.1(g) requires exceptional circumstances to justify a reply. L.R. 7.1(g) (2021). Here, several significant events bearing on Plaintiffs' Motion occurred after it was filed: (1) Plaintiffs in five related actions filed a Consolidated Complaint (*Piper*, Dkt. 58); (2) Plaintiffs filed an MDL Motion requesting consolidation before this Court (*MDL 2993*, Dkt. 1); (3) Plaintiff Darren Duncan responded to Plaintiffs' Motion supporting consolidation and asking that attorney Derek K. Brandt be appointed to the executive committee (*Duncan*, Dkt. 33); and (4) the Barrett Law Group ("BLG"), plaintiffs' counsel in the tag-along case *Vienna Eqho Farms v. Bayer CropScience LP*, 3:21-CV-00204-NJR ("*Vienna Eqho*"), moved to be appointed interim lead counsel (*Vienna Eqho*, Dkt. 24). Because these filings occurred after Plaintiffs' Motion, were addressed in Defendants' Joint Response and bear upon whether consolidation and leadership are ripe for resolution now, Plaintiffs should be permitted to address them here.

**II. THERE IS NO REASON TO DELAY RULING ON PLAINTIFFS' MOTION.**

Defendants' argument that the pending MDL Motion requires the Court to refrain from ruling on Plaintiffs' Motion should be rejected. JPML Rule 2.5(d) expressly states that a pending transfer motion "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court," JPML R. of P. 2.5(d) (2021), and courts routinely decline such requests.

*In re Pradaxa Products Liability Litigation,* 2012 WL 2357425, at *1 (S.D. Ill. June 10, 2012), is directly on point. There, as here, cases were pending in multiple federal jurisdictions (27 lawsuits in 13 different courts). *Id.* There, as here, plaintiffs moved to establish an MDL in the Southern District of Illinois. *Id.* There, as here, defendants argued the court should not proceed until the MDL motion was resolved. *Id.* And there—as it should be here—the court declined to halt the case. *Id.* at *2. The court explained that "a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a party's motion to the Judicial Panel for transfer and consolidation," especially when

> [s]taying these actions will not alter [defendant's] burden with respect to discovery. Instead, a stay would simply delay discovery's commencement. [Defendant], whether it is on the timeline set by the undersigned or by another judge, will still have to turn over the same documents and make available the same witnesses for deposition [so] even if these cases are ultimately consolidated with another federal district court, any prejudice would be minimal.

*Id.* [1]

The same logic applies to Bayer's Transfer Motion.[2] In *George v. Kraft Foods Global, Inc.*, the court considered whether to stay a class action until defendants' §1404 transfer motion was resolved. 2006 WL 3842169, at *1 (S.D. Ill. December 22, 2006). Noting defendants "offer[ed] no legitimate reason for these proceedings to come to a complete halt," the court explained that "discovery conducted while Defendants' transfer motion is sub judice will be useful…regardless of the forum in which the case ultimately proceeds. Similarly, there is no reason why motions filed in this Court during the pendency of Defendants' transfer motion should not be fully briefed…even if those motions ultimately are decided in another court." *Id.* Defendants' stay

---

[1] *See also Wells v. Toyota Motor Sales,* 2010 WL 1856012 (S.D. Ill. May 7, 2010); *Collier v. Smithkline Beecham Corp.,* 2010 WL 2990014 (S.D. Ill. July 27, 2010); *Blackmore v. Smitty's Supply, Inc.*, 451 F.Supp.3d 1003 (N.D. Iowa 2020).

[2] Plaintiffs intend to oppose Bayer's Transfer Motion and will do so on or before March 17, 2021. *See* L.R. 7.1(g).

was denied. *Id.*

Here, consolidation would facilitate coordinated scheduling, pleading and discovery plans easily transferable to any district court, and obviously useful if an MDL is established here. Appointing class leadership would streamline those negotiations and increase efficiency. All of these activities will eventually occur regardless of how the MDL Motion or Bayer's Transfer Motion are resolved, so none of them prejudice Defendants. Perhaps this is why Defendants' Joint Response only vaguely asserts that Plaintiffs' Motion is "premature and inappropriate" without providing specific examples of prejudice. (*Piper*, Dkt. 67 at 1).

Plaintiffs, however, *would* be prejudiced if the Court halted proceedings. Responses to the MDL Motion are due on March 18, 2021, with replies due on March 25, 2021. (*MDL 2993*, Dkt. 4). No hearing date is set. Whatever the ruling on the MDL and/or Transfer Motions, these cases will proceed. Plaintiffs should not be forced to wait months before commencing pretrial activities that will be useful in any forum.

**III.    THE COURT SHOULD SELECT INTERIM CLASS COUNSEL.**

"When presented with competing requests for appointment, the court must appoint the applicant best able to represent the interests of the class." *In re Navistar MaxxForce Engines Marketing, Sales Practices & Prods. Liability Litigation*, 2015 WL 1216318 at *1 (N.D. Ill. March 5, 2015). "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Moehrl v. Nat'l Ass'n of Realtors*, 2020 WL 5260511, at *1 (N.D. Ill. May 30, 2020). Interim counsel should be selected when multiple plaintiffs' firms are involved and clarifying the leadership structure is desirable. *Id.* at *2.

There are now seven crop input class actions pending before this Court, (*Piper*, Dkt. 67 at p. 2), and three outstanding motions relating to interim class leadership: (1) Plaintiff's Motion requesting an executive committee (*Piper*, Dkt. 53); (2) Plaintiff Duncan's request that attorney Derek Brandt be added to the committee (*Duncan*, Dkt. 33); and (3) a motion by *Vienna Eqho's* counsel to appoint BLG interim lead counsel (*Vienna Eqho*, Dkt. 24).[3] Plaintiffs in every lawsuit except *Vienna Eqho* support the proposed executive committee, with *Duncan* requesting the addition of Mr. Brandt. Additionally, Bayer's Transfer Motion is likely the first of many pretrial motions raising legal and factual questions that Plaintiffs should answer with a single voice. Appointing lead counsel now would ensure the classes' strategic interests are being protected by experienced counsel as the scope of these cases grow. It would also allow the leadership to streamline the proceedings and negotiate pleading and discovery issues on the classes' behalf.

Nothing in the MDL Motion or Bayer's Transfer Motion requires delay. If an MDL is established, the Court may revisit the leadership structure. If Bayer's Motion is granted, the Eastern District of Missouri could simply adopt the existing leadership team. Whatever the outcome, Plaintiffs deserve coordinated, experienced and expert representation now, not months from now, after the MDL Motion and Bayer's Transfer Motion are resolved.

## **CONCLUSION**

For these reasons, as well as the reasons stated in Plaintiffs' Motion, the Court should order consolidation of the Related Actions (including any tag along actions pending in this District) and appoint the proposed executive committee as interim lead class counsel.

---

[3] For the reasons presented in Plaintiff's Motion, the proposed executive committee would best represent the interests of the class. *In re Navistar,* 2015 WL 1216318 at *1. Additionally, Plaintiffs will file their opposition to BLG's leadership motion on or before March 17, 2021. *See* L.R. 7.1(g).

DATED: March 10, 2021

/s/ Jamie L. Boyer
Stephen M. Tillery (Ill. Bar No. 2834995)
Jamie Boyer (Ill. Bar No. 6281611)
Carol O'Keefe (Ill. Bar No. 6335218)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: 314-241-4844
Facsimile: 314-241-3525
stillery@koreintillery.com
jboyer@koreintillery.com
cokeefe@koreintillery.com

George A. Zelcs (Ill. Bar No. 3123738)
John Libra (Ill. Bar No. 6286721)
Randall P. Ewing, Jr. (Ill. Bar No. 6294238)
Jonathon D. Byrer (Ill. Bar No. 6292491)
Ryan Z. Cortazar (Ill. Bar No. 6323766)
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: 312-641-9750
Facsimile: 312-641-9751
gzelcs@koreintillery.com
jlibra@koreintillery.com
rewing@koreintillery.com
jbyrer@koreintillery.com

/s/ Vincent Briganti (with consent)
Vincent Briganti (pro hac vice forthcoming)
Christian Levis (pro hac vice forthcoming)
Roland R. St. Louis, III (pro hac vice forthcoming)
**LOWEY DANNENBERG P.C.**
44 South Broadway
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
rstlouis@lowey.com

*/s/ W. Joseph Bruckner (with consent)*
W. Joseph Bruckner (MN No. 0147758)
Robert K. Shelquist (MN No. 21310x)
Brian D. Clark (MN No. 0390069)
Rebecca A. Peterson (MN No. 0392663)
Stephanie A. Chen (MN No. 0400032)
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
rkshelquist@locklaw.com
bdclark@locklaw.com
rapeterson@locklaw.com
sachen@locklaw.com

*Linda P. Nussbaum (with consent)*
Linda P. Nussbaum (pro hac vice forthcoming)
Bart D. Cohen (pro hac vice forthcoming)
Christopher B. Sanchez (Ill. Bar No. 6272989)
Louis Kessler (Ill. Bar No. 6277776)
**NUSSBAUM LAW GROUP, P.C.**
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
(917) 438-9102
lnussbaum@nussbaumpc.com
bcohen@nussbaumpc.com
csanchez@nussbaumpc.com
lkessler@nussbaumpc.com

## **ECF ATTESTATION**

I, Jamie L. Boyer, am the ECF User whose ID and Password are being used to file the foregoing document. I hereby attest that all of the above signatories have concurred in this filing.

DATED: March 10, 2021  */s/ Jamie L. Boyer*